# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 16-1379 V**
**Filed: March 13, 2017**
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
AMY KOMAKI, *
*
Petitioner, *
v. *
*
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
*
Respondent. *
*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Ruling on Entitlement; Concession; Prevnar 13 (Pneumococcal Conjugate) Vaccination; Adhesive Capsulitis; Special Processing Unit ("SPU")

*John Robert Howie, Jr., Howie Law, PC, for petitioner.*
*Douglas Ross, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On October 21, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration (SIRVA) and adhesive capsulitis as a result of her November 20, 2015 Prevnar 13 (pneumococcal conjugate) vaccination. Petition at 1, ¶¶ 6, 15. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 13, 2017, respondent filed his Rule 4(c) report in which he concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent has "concluded that petitioner suffered a non-Table injury of left-side adhesive capsulitis and that the preponderance of the medical evidence indicates that the injury was causally related to the Prevnar vaccination she received on November 20, 2015." *Id.* at 4. Respondent further indicates that he "did not identify any

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

other causes for petitioner's adhesive capsulitis, and based on the medical records outlined above, petitioner met the statutory requirements by suffering the condition for more than six months." *Id.* Accordingly, respondent states that "based on the record as it now stands, compensation is appropriate, as petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of respondent's concession and the evidence before me, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master